IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHAEL MIATA, | ) |
| | ) Civil Action |
| Plaintiff, | ) No. 1:19-cv-04918-MHC |
| v. | ) |
| | ) |
| BOTTOMS UP RESTAURANT | ) JURY TRIAL DEMANDED |
| GROUP, LLC d/b/a WRAITH, | ) |
| | ) |
| Defendant. | ) |
| | ) |

_____

## MOTION FOR DEFAULT JUDGMENT

COMES NOW, Michael Miata (hereinafter "Plaintiff"), by and through undersigned counsel, and moves this Court, pursuant to Fed. R. Civ. P. 55(b), for judgment by default against Defendant Bottoms Up Restaurant Group, LLC (hereinafter "Defendant").

### I. PROCEDURAL BACKGROUND

On January 2, 2020, Plaintiff filed a Motion for Entry of Default based on Defendant's failure to respond to the Complaint [Doc. 1] that was due on or before November 21, 2019. [Doc. 6]. On January 3, 2020, this Court agreed, instructing the Clerk to enter the order as requested.

## II. STATEMENT OF FACTS

"A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (internal quotations omitted). Therefore, each of the following factual allegations from Plaintiff's Complaint are deemed admitted:

Plaintiff was employed by Defendant as a bartender form June 2016 to July 1, 2019. [Doc. 1, ¶ 6]. He was an "employee" of Defendant, as that term has been used by the Fair Labor Standards Act (FLSA). [*Id.* at ¶ 7]. Plaintiff was individually covered under the FLSA by virtue of the job duties he performed. [*Id.* at ¶ 11]. Defendant is a private employer engaged in interstate commerce, and its gross revenues exceeded $500,000 per year in 2016, 2017, 2018, and 2019. [*Id.* at ¶ 10].

Throughout his employment with Defendants, Plaintiff was solely paid via tips from customers. [*Id.* at ¶ 8]. From October 30, 2016 to the end of his employment (the relevant statutory period for Plaintiff's FLSA claims and hereinafter referred to as the "Statutory Period"), Defendant did not provide Plaintiff with the required direct cash wage for his regular work hours, as well as the required

direct overtime wage for hours he worked in excess of 40 hours in given workweeks. [*Id.* at ¶ 9].

In numerous weeks during the Statutory Period, Plaintiff worked more than 40 hours per week and was not paid his overtime compensation for those hours. [*Id.* at ¶ 10]. Additionally, Defendant did not provide Plaintiff a direct cash wage for the regular hours he worked during the Statutory Period to satisfy Defendant's minimum wage obligations. *Id.*

On or about July 1, 2019, Plaintiff advised his supervisor, Lance and manager, Hassim, that Defendant needed to pay him direct wages. [*Id.* at ¶ 12]. In response to Plaintiff's request for payment of required wages, Defendant suspended his employment. [*Id.* at ¶ 13].

### III. PLAINTIFF IS ENTITLED TO DEFAULT JUDGMENT ON HIS MINIMUM WAGE AND OVERTIME CLAIM.

Under the FLSA, an employer may not employ an individual for a workweek longer than forty hours unless the employee receives overtime compensation at a rate not less than one and a half times his regular rate. 29 U.S.C. § 207(a)(1). A person is "employed" if he is suffered or permitted to work. 29 U.S.C. § 203(g). Any "employer" who violates the FLSA's overtime provisions is liable to the employee(s) affected in the amount of the unpaid overtime compensation plus an equal amount as liquidated damages, along with other relief such as attorney's fees.

29 U.S.C. § 216(b). The Complaint confirms that he was employed and suffered and permitted to work by Defendant, Defendant is an employer within the meaning of the FLSA, and Ms. Dulin worked overtime for which Defendant did not properly compensate her. (Doc. 1, ¶¶ 6-8, 13-16, 20-22.)

To prevail in an FLSA overtime claim, plaintiffs must show not only that they worked overtime without proper compensation, but that the employer "knew or should have known of the overtime work." *Allen v. Bd. of Pub. Educ.*, 495 F.3d 1306, 1314-15 (11th Cir. 2007). The well-plead facts in the Complaint show that throughout his employment, Defendant failed to pay the required minimum wages for all hours worked by Plaintiff, as well as overtime wages for time that Plaintiff worked in excess of forty (40) hours in given workweeks. [Doc. 1, ¶ 19]. Additionally, the facts also show that Defendant knew or had reason to know that Plaintiff worked in excess of 40 hours in workweeks without overtime compensation for hours worked over 40 in those workweeks. [Doc. 1, ¶¶ 21-22]. Even if the Court were to find that admission too conclusory, the admitted facts also show that Plaintiff complained to Defendant that he was not being paid his required wages or his overtime compensation. [*Id.* at ¶ 12]. Thus, Defendants cannot claim ignorance because the unpaid overtime work was directly brought to their attention by Plaintiff.

By virtue of Defendant's default, Defendant has admitted each of these well-pleaded allegations, and Plaintiff has properly pleaded that Defendant violated the overtime pay requirements of the FLSA. *See* 29 U.S.C. 207(a)(1) ("No employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours . . . specified at a rate not less than one and one-half times the regular rate at which he is employed.").

## IV. PLAINTIFF IS ENTITLED TO DEFAULT JUDGMENT ON HIS FLSA RETALIATION CLAIM.

The admitted facts demonstrate that Defendant is liable for retaliation in violation of Title VII. To demonstrate a *prima facie* case of retaliation under the traditional burden shifting paradigm, Plaintiff must show that: (1) he engaged in statutorily protected expression; (2) he suffered an adverse employment action; and (3) there was some causal relationship between the two events. *Goldsmith v. Bagby Elevator Co., Inc.*, 513 F.3d 1261, 1277 (11th Cir. 2008).

Regarding the first two elements: 29 U.S.C. § 215(a)(3) makes it "unlawful for any person . . . to discharge or in any other manner discriminate against any employee because such employee has filed any complaint . . . under or related to [Title VII]." Courts that have considered the issue have determined that oral, intracompany complaints qualify for this protection. *See, e.g. Kasten v. Saint-*

*Gobain Performance Plastics Corp.,* 563 U.S. 1, 14 (2011) (oral complaints*); Minor v. Bostwick Labs., Inc*., 669 F.3d 428, 439 (4th Cir. 2012) (intracompany complaints).

Plaintiff engaged in a statutory protected activity by complaining to the Defendant that he be paid direct wages required by the FLSA for Defendant to satisfy its minimum and overtime wage obligations. [Doc. 1 at ¶ 25]. He was subject to adverse employment action by being terminated soon after making this request. [*Id*. at ¶ 26]. The adverse action to which Plaintiff was subjected would "dissuade a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fey Ry. Co. v. White,* 548 U.S. 53, 68 (2006).

The causal relationship is shown by the close temporal proximity between Plaintiff's complaints and his termination. *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007) (burden of causation can be met by showing close temporal proximity). Plaintiff complained to the Defendant on or about July 1, 2019. [*Id.* at ¶12]. He was suspended that day, thereby terminating his employment. [*Id*. at ¶¶ 6, 14]. This gap easily falls within the time limits accepted to show causal connection. *See*, *e.g.*, *Olmsted v. Taco Bell Corp.*, 141 F.3d 1457, 1460 (11th Cir. 1998) (4-5 months sufficient to show causal connection); *Wideman v. Wal-Mart Stores, Inc.*, 141 F. 3d 1453, 1457 (11th Cir. 1998) (1 month sufficient to establish

nexus); *Embry v. Callahan Eye Found. Hosp.*, 147 F. App'x 819, 831 (11th Cir. 2005) (2 months between filing charge of discrimination and suspension sufficient to satisfy nexus).

Defendant's actions, policies and/or practices as described above violate the FLSA's anti-retaliation provision, 29 U.S.C. § 215(a)(3). [Doc. 1 at ¶ 31]. Defendant knew that its conduct violated the FLSA, and Defendant acted with malice or with reckless indifference to Plaintiff's federally protected rights. [*Id*. at ¶ 32]. Defendant's violations of the FLSA were willful and in bad faith. [*Id*. at ¶ 33]. Plaintiff's statutorily protected activity was the motivating factor in Defendant's decision to suspend and terminate Plaintiff's employment. [*Id*. at ¶ 34]. Any alleged reason provided by Defendant for suspending and terminating Plaintiff's employment is pretext for unlawful retaliation against Plaintiff because of his protected activity under the FLSA. [*Id*. at 15].

As a direct and proximate result of the retaliation, Plaintiff has sustained economic losses and emotional distress, for which he is entitled to recover from Defendants. [*Id*. at ¶ 35]. Pursuant to the FLSA, 29 U.S.C. § 215(a)(3), Plaintiff is entitled to recover actual and liquidated damages, including lost wages, as well as compensatory damages, attorneys' fees, and the costs of this litigation incurred in connection with these claims. [*Id*. at ¶ 36].

### V.  PLAINTIFF HEREBY REQUESTS AN EVIDENTIARY HEARING AS TO DAMAGES

Rule 55(b)(1) of the Federal Rules of Civil Procedure allows for entry of a Default Judgment by the Clerk "against a defendant who has been defaulted for not appearing." Fed. R. Civ. P. 55(b)(1). In this case, the Court has entered Default against Defendant for failure to file an Answer to the Complaint.

Rule 55(b)(2) applies "[i]n all other cases." Fed. R. Civ. P. 55(b)(2). Under that rule, a party must apply to the Court for a Default Judgment, which is what Plaintiff is doing here. *Id*. Under that rule, the "court may conduct hearings . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages." Fed. R. Civ. P. 55(b)(2)(B).

Plaintiff respectfully requests the Court hold a hearing to permit evidence as to facts relevant to damages. After such hearing, Plaintiff will file a Motion for Attorney Fees with respect to that portion of his damages. Plaintiff hereby waives the right to a jury trial and requests a non-jury damages hearing be set before this Court.

### VI.  CONCLUSION

For the foregoing reasons, Plaintiff requests that this Court grant his Motion for Default Judgment against Defendant and schedule a hearing to consider testimony regarding all of damages being sought.

Respectfully submitted this 6th day of February 2020.

                              **BARRETT & FARAHANY**

                              <u>/s/ V. Severin Roberts</u>
                              V. Severin Roberts
                              Georgia Bar No. 940504
                              Attorney for Plaintiff

1100 Peachtree Street NE
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile
Severin@JusticeAtWork.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHAEL MIATA, ) | |
| ) | Civil Action |
| Plaintiff, ) | No. 1:19-cv-04918-MHC |
| v. ) | |
| ) | |
| BOTTOMS UP RESTAURANT ) | JURY TRIAL DEMANDED |
| GROUP, LLC d/b/a WRAITH, ) | |
| ) | |
| Defendant. ) | |
| ) | |

_____

## CERTIFICATE OF SERVICE

I certify that on this day I filed the foregoing Motion for Default Judgment with the Clerk of Court using the CM/ECF filing system which will send notification of such filing to all attorneys of record.

This 6th day of February 2020.

**BARRETT & FARAHANY**

/s/ V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
Attorney for Plaintiff